# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-129V
October 22, 2012
Not for Publication

*****************************************

| | | |
|---|---|---|
| S.B. SCHWARZ, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Motion to dismiss; failure |
| | * | to provide expert evidence |
| SECRETARY OF THE DEPARTMENT | * | in support of allegation; |
| OF HEALTH AND HUMAN SERVICES, | * | reactive arthritis; flu vs. virus |
| | * | |
| Respondent. | * | |

*****************************************

William E. Cochran, Jr., Memphis, TN, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.


**MILLMAN, Special Master**

## DECISION[1]

On February 27, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that influenza vaccine administered October 19, 2010 caused her reactive arthritis diagnosed in early 2011 after viral infections.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

During a status conference held on July 19, 2012, the undersigned specified to petitioner's counsel the numerous histories petitioner gave that her joint pains occurred after febrile illnesses in January and February 2011 which led her treating doctors to attribute her arthritis to a postviral syndrome. See Med. recs. Ex. 2, at 14, 39. Petitioner's counsel asked for time to have an expert evaluate the medical records.

During a status conference held on October 22, 2012, petitioner's counsel moved to dismiss the case. The undersigned **GRANTS** petitioner's motion.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Sec'y of HHS, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for the influenza vaccine, she would not have reactive arthritis, but also that the vaccine was a substantial factor in causing her reactive arthritis. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The physicians in the medical records attribute her reactive arthritis to postviral syndrome. Her onset of symptoms was after two febrile illnesses.

Since petitioner filed her petition, she has not provided evidence from a medical expert to make a prima facie case that influenza vaccine caused her reactive arthritis. Petitioner's counsel sought support from a medical expert, but did not obtain it. Petitioner has not produced medical records or medical expert opinion to substantiate her allegations. The Vaccine Act does not permit the undersigned to rule in favor of petitioner based only on her allegations unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1).

Petitioner's motion to dismiss is **GRANTED**.

2

**CONCLUSION**

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B. the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


October 22, 2012                                          s/Laura D. Millman
DATE                                                  Laura D. Millman
                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.